Okay, so, Your Honor, my biggest argument is that the service was effective and proper according to the New York State Service Law, and service was done according to the New York State Law, and the judge, unfortunately, did not take that into account. And my second argument is that, basically, that why the attorneys are not willing to accept the service. So, basically, the whole idea is that they really are not representing the Bank of New York since they are refusing to accept the service. So, in terms of the first argument, the service is accomplished by serving a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Let me ask you a quick question. If we take a look at the background here, you had a hearing on June 4th. Yes. And there was a discussion then about the service that you had tried to make on the Bank of New York Mellon at the Greenwich office, right? Correct. And the judge told you, I don't know why this person who took the document was authorized to receive service, correct? Yes, correct. Okay, and the judge noted, well, gee, I don't even know what the person's name was. But the judge, I think, was, as I read the transcript, and if you didn't read it this way, you've got to tell me why, okay? What the judge was saying is, I've got to really have some evidence that whoever was given this summons and complaint was authorized to receive service of process. This is somebody in the mail room, and it's not obvious that that's somebody who is authorized. And then you were given a chance to go ahead and do it again. And at this point, we're 300 days into the process, right? So it's a very long time. Yeah, because of COVID and everything was started to get later and later and later. Okay, so the judge wasn't cutting you off in that sense. No. And she, I think, gave you a pretty clear idea of what she was worried about and gave you one more chance to get it right. Correct. And the same person served somebody else in the mail room, but got a name this time, right? Got a name this time. Okay. So how did that solve the judge's problem of how do I know this person's authorized to receive service? Well, according to the judge, the judge still said that this was improper service. Right. But according to the New York State law of how to serve, it was done correctly because of the, I didn't do it personally. I paid the process server, and that's what they do. So I can't question the process server because he did his job. I understand, but here's my question. The judge, I think, gave you a clear idea of what was bothering her about this and said— The name, missing the name. Well, that was only part of it. The fact that you didn't know the name was indicative of, well, how could we ever know if we don't even know who this person was? How could we ever know? This person's authorized to receive service and process. And the way I read the transcript, the judge said, I've got to know why that person is authorized to receive service and process. Not just because some process server says so. So how do you think, what did you do different other than get a name the second time? On the affidavit of service, there was a clear description of who the person was, including the name and the job title, I think, and the physical appearance. And wasn't the judge's response, I still don't know why this person is authorized to receive service or process? And if so, tell me why that was a mistake. A mistake in terms of? Why did the judge make a mistake in saying, gosh, I still don't know why this person, even though we know a name, and we know this person was in the mail room, I still don't know that this person's authorized to receive service or process? I cannot answer that question, Your Honor, because I don't know why the judge is willing to accept it. Okay. Thank you. Fair enough. Okay. So I interrupted you. You've got other arguments you want to make. Can I ask one clarifying question before you get back into your good argument? Which is, you're suing the bank as trustee, correct? I'm suing the bank as trustee, yes. Of a securitized trust, okay. Because the documents, including those from the bank, are all over the place as to who. And it makes a difference on how you serve. So bank as trustee, and that's who you intended to serve them in that capacity because that's how they are interacting with your loan, correct? It's all represented by the attorney firm, actually, because Bank of New York, I mean, Bank of New York is stated on the documents, but the attorney firm is behind it, and they are refusing to accept the service, basically. They apply to the brief and to the complaint, but they are refusing to accept the service. And I tried five times to serve by multiple attempts, by certified mail, by serving the attorney firms, by the court's electronic service, twice by the service in Florida, and then ultimately by the Bank of New York at the New York. Can you, the things you want to do, this was a dismissal without prejudice? Yes, it was, right? Do you understand what prejudice means? You could still sue them, right? I could still do it, yes, correct. Okay. Because I'm going to ask a question, and I'll tell Ms. Spears I'm going to ask a question, which is why is this a final order? But I think that's a technical, legal question, so I'm not going to ask you. So you continue on with your good argument. Okay. So basically, according to the New York State standard, the process, the serving process was done correctly and has met all the requirements. Ms. Chabrowski, can you tell us why you think we should be looking at the New York State standard when this is a case that's in bankruptcy court? Because the entity was served in New York, and I was relying on the process server who was supposed to serve the entity in New York State. So you think because the entity was in New York, we look at New York law? That would be my understanding. Okay. Unless I don't know if I can, I mean, I live in Arizona, and the case is in Arizona, originated in Arizona, but since I was serving the Bank of New York in New York, I would think that law and procedures apply to the case. Right. Well, we do have a federal procedure in Rule 4, which is made applicable to bankruptcy procedures by Rule 7004, which really tells you how to serve things. Right. The law is federal, not New York. I'm just going to say that. Yeah, it's federal, not New York. So go ahead. So, well, then I don't know if I should keep talking on the requirements of how New York serves complaints, but I made two attempts there, and both of the times, according to the process server, the service was done properly, but it was ineffective, as stated by the attorney firm, because they believed it was ineffective. They did not really say that they were not rebutting the service, but they were saying that it was ineffective. And my second argument is that probably more so important because of the involvement of the attorney firm, they claim to represent the Bank of New York and their involvement in this case, but they also strongly argued in the hearing that they have nothing to do with the Bank of New York. So how come they are involved, but they say they have nothing to do with it? And which firm is this? Because there are two firms involved, right? Can you restate it, Your Honor? Aren't there two law firms involved in this case? We have the firm that's appearing on appeal, but then we have the one that filed something in the adversary proceeding. It's all over the place. It's all over the place. Yeah. So when you said they said they're not involved, which firm was that? Both of them? Both of them. I believe it was both of them. I would have to go back to the original brief, but they claim that they are not representing Bank of New York, but they are replying to everything that is in my case. So this is probably the biggest argument, you know, because they claim to have nothing to do with the Bank of New York, and they also said in the hearing that they don't even know how to locate Bank of New York, and how come you say so, but you represent the Bank of New York? And when I contacted Bank of New York, they told me they have zero relationship with this firm. Okay. So that's my biggest argument, is the involvement in this case from the attorney firm that is involved, but claims to have nothing to do with the Bank of New York, because they can't even tell how to locate Bank of New York. Okay. All right. You're right about at three minutes. Do you want to reserve your time now for rebuttal? I can reserve it, yes. Okay. Thank you very much. All right. Ms. Spears, can I start and ask you, who has appropriately served here? Because it impacts which rule we follow. You filed documents for the bank. We're talking about the bank at 7004H service, but it appears that the complaint was directed to the trustee. Who's on first? Well, in this case, the Bank of New York, Mellon, is the trustee of the securitized trust, and they are authorized for service on behalf of that trust. Okay. So it's the trust in their trustee capacity. Yes. Another question while I've got you, Ms. Spears. Yes, Your Honor. You're Aldridge Pike, correct? Yes, Your Honor. And you're counsel for the bank in the main case? No, we're counsel for the bank in this appeal. In the adversary? Yes, CBS Law Firm. But there's another firm that had the main case, right? Yes, Your Honor. Okay. Thank you for clarifying that. Sorry, my mistake. Who is CBS Law Firm? Because they appeared in the adversary. Yes. As counsel. That's my question. That's right. I'm hopelessly confused. Had it been a 7004H service situation, they appeared, and service on them would be just fine. So that's why I'm asking what's the story. Can you untangle those knots for us? Well, CBS Law, as I understand it, filed a notice of appearance in the case, in the underlying bankruptcy case, but did not take any action. I believe I also filed a notice of appearance. Was it a request for special notice? Yes, I think they did. That's a little different, right? That purports to reserve all kinds of you can't serve me and whatever else, right? Right. But it doesn't say that. It says they're appearing as counsel. Makes an appearance as attorneys for record. So that's why the 7004H and 7004B3, it's a big deal. B2 or whatever it be. That would be, I believe we're talking about the notice of appearance that was filed by my firm, and I was never served. I'm reading you from the ZBS one. Oh, okay. ZBS, as I understand, filed that notice of appearance. In the main state? Yes. And it doesn't really matter. I'm sorry to get you down this road. The lack of precision here is unbelievably mind-numbing. And we have a pro se, and, you know, it's confusing to me. But the answer is the bank was sued as trustee. The bank is responding as trustee. Service is 7004B whatever. And we don't get to the insured depository institution service because I'm telling you if we did, you've got a problem. Because they filed something in the adversary proceeding that was an appearance of counsel. And once you appear as counsel, mail service is just fine on you. And that would be ZBS. But the method in which she served, and what they argued at the lower court was the method in the way she served it. She initially attempted to serve by electronic mail service. That is not sufficient. The second time she attempted to serve was by slipping the documents under the door of ZBS law. Right. That's the closest. Yeah. Another attempt was, as you know, your honors, there's layers to these lenders. A lender will have a servicing agent. She attempted to serve Bayview Loan Servicing, which is the servicing agent for Bank of New York Mellon. They were not authorized to accept service. The two attempts that I think are the most important here are the two attempts to serve the Bank of New York Mellon in New York City at its corporate office. We're under 7004B, sure. Agreed. As the trial court approached this, that she had to serve an officer, a director, or a person authorized by the entity to accept service. The first attempt at service was on a John Doe who refused to give his name. That is insufficient. The last attempt was on Albert Cruz, the mailroom clerk. Who is Albert Cruz and how does he have authority to accept service on behalf of the entity? We don't know if Albert Cruz is a mail clerk. Is he employed by the bank? Or is he employed by the owner of that office building who processes the mail for all the businesses that are in that office? Isn't there another angle which is if the bank is trustee, even if he was authorized to accept service for the bank, is he authorized to accept service for the bank in its trustee capacity in relation to that specific trust? That I think would be an agreement that would be between Bank of New York Mellon as trustee and the Securitized Trust. And I don't think that answer would... I'm sorry, Your Honor. Well, I mean, the font of all this is that the party attempting service has to demonstrate it was properly done. Correct, Your Honor. And number two, when we're doing it on somebody who's not just John Doe, there's a fair question of whether the person who was served is authorized to receive service or process. And what troubled the court in the first instance was it was given to somebody in a mailroom and we didn't know who it was. But I don't think, reading the transcript, I don't think the judge said, well, gee, had I known the name, it would have been fine. You know, that was indicative of a problem, right? And it was the same quote statement in the process server's affidavit twice. I know this person is authorized to receive service or process. Gee, how come, right? So that's the trial court's determination of this, right? Correct, Your Honor. Okay, got it. Can I ask another question, which I alluded to? Is this a final order? Yeah. I mean, it's a dismissal with prejudice. She's saying the statute hasn't run, unlike the one we had. It's without prejudice, right? Yes, it's without prejudice, but the adversary is dismissed. So I would believe that it's a final order in that particular adversary case. Well, isn't it tricky with these dismissals on what are essentially procedural grounds? The case law seems to indicate that we look to what the intent of the court was. Was Judge Romsley intent in dismissing this without prejudice that it could never be refiled? No. I believe that it was her position that, in this instance, the summons and complaint was not properly served. And, therefore, this adversary proceeding is dismissed. The appellant could move to refile, or she could just drop it altogether. So she wouldn't be able to refile an amended complaint or attempt. She's not allowed to attempt service again in this adversary. So it's a hard question for me to answer because, on the one hand, I want to say, yes, it's the final order in that adversary. But it does allow her the opportunity to refile and start this again. Has the statute run on her claims?  Okay. I mean, for that matter, she could file in state court, assuming... If we're looking at an underlying state statute of limitations, she could do that, presumably, right? I believe she is... Yes, she could do that. I believe she could... I believe the argument of the complaint is that Bank of New York Mellon and the Securitized Trust does not have a lien on the property. Yeah. So I believe she's going to have to argue that in bankruptcy court. Okay, that's fine. Sure. Okay. Okay. Okay. All right. Just trying to figure it out. So it seems that the debtor has made several attempts... I'm sorry. The appellant has made several attempts to serve, but has not been able to accomplish this. And the trial court was... We believe the trial court was correct in dismissing this matter because service was not proper. And, you know, Bank of New York did not have due process. So... The trial court gave her a couple of opportunities to get it right, right? Yes, it did. It extended the time for her to serve as well. So the trial court, in our view, went over and above what its requirement was to allow her to try to affect service. In fact, in the transcript, I believe in June, the court explained, you know, what she needed to do to effectuate service. And we still couldn't get it done. So, Your Honors, what I'm asking is that this court affirm the bankruptcy court's finding that service was not proper and affirm the bankruptcy court's ruling. Thank you. All right. Any further questions, Judge Brand? Judge Lafferty? All set, thanks. Okay, thank you. All right. Ms. Jabrowski, you now have a little over three minutes. And this is rebuttal. You can add anything. You can respond to anything you've just heard. I think you're muted. Okay. Your Honor, I know it comes to the way I approached serving the entity. However, I tried multiple times. And the last attempt that was given to me, in addition to the others, I believed it was proper. And I live in Arizona. I was not in the state of New York following the process servers. So, what they did, they assured me that it was done properly, correctly, according to the law, according to the procedures. So, I could only believe that this is correct. But unfortunately, it turned out to be the same as the other ones, getting closer, because I got the name, but it turned out to be, again, ineffective. So, and then in the hearing, I know at one of the hearings, the judge asked the person who was representing the attorney firm, so how should she serve? And they said, I don't know. So, if they can tell me, I mean, if you really want to proceed with the case, then, I mean, I don't know how to say it, but it serves two parties to get things done, and especially the service. Well, they don't have an obligation to give you legal advice. Did the judge not advise you to go to the self-help center or whatever they have in Arizona to get some help? Yes, but I was doing everything. All the help I have gotten was basically from online. Okay. We might. Website. You might listen to the judge in that regard the next time. Yeah, because those are usually good resources for you, and usually they involve a human being walking you through it, which is something that the judge cannot compel the other side to help you. And she can't give you legal advice directly. I completely understand that. Yeah, that's the problem there. Yep. All right. Does anyone have any, do you have anything else? Myself, no. Those are the only two arguments. Okay. Does anyone have any questions? Nope. All right. Thank you very much. Thank you both for your arguments. We will take this under submission, and we will endeavor to get a decision to you quickly. And I believe that that ends the day's calendar. Thank you, Your Honor. Thank you. All right. We will be in recess. The session of the Bankruptcy Appellate Panel is now adjourned.
judges: Taylor, Lafferty, Brand